UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF
COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on July 6, 2017

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| MICHAEL RON DAVID KADAR, | : | VIOLATIONS: |
| | : | 18 U.S.C. § 875(c) |
| Defendant. | : | (Transmitting Threats in Interstate Commerce) |
| | : | |
| | : | 18 U.S.C. § 844(e) |
| | : | (Threatening and Conveying False Information Concerning Use of an Explosive) |

## INDICTMENT

The Grand Jury charges that:

### COUNT ONE

On or about March 7, 2017, in the District of Columbia, the defendant, **MICHAEL RON DAVID KADAR**, used internet services to place a telephone call to the Anti-Defamation League concerning a bomb in its building, and thereby knowingly transmitted a communication in interstate and foreign commerce with the intent to threaten to injure people at that location and with knowledge that they would view the communication as a threat; all in violation of Title 18, United States Code, Section 875(c).

(**Transmitting Threats in Interstate Commerce**, in violation of Title 18, United States Code, Section 875(c))

## COUNT TWO

On or about March 7, 2017, within the District of Columbia, **MICHAEL RON DAVID KADAR** willfully made a threat, and maliciously conveyed false information knowing the same to be false concerning an attempt and an alleged attempt being made, to unlawfully threaten to kill, injure and intimidate any individual, and to unlawfully damage and destroy any building and other real and personal property, by means of fire and an explosive, concerning a bomb in the Anti-Defamation League, through the telephone and other instruments in and affecting interstate and foreign commerce.

**(Threatening and Conveying False Information Concerning Use of an Explosive**, in violation of Title 18, United States Code, Section 844(e))

## COUNT THREE

On or about March 9, 2017, in the District of Columbia, the defendant, **MICHAEL RON DAVID KADAR**, used internet services to send an email to the Israeli Embassy concerning pipe bombs in its building, and thereby knowingly transmitted a communication in interstate and foreign commerce with the intent to threaten to injure people at that location and with knowledge that they would view the communication as a threat; all in violation of Title 18, United States Code, Section 875(c).

**(Transmitting Threats in Interstate Commerce**, in violation of Title 18, United States Code, Section 875(c))

## COUNT FOUR

On or about March 9, 2017, within the District of Columbia, **MICHAEL RON DAVID KADAR** willfully made a threat, and maliciously conveyed false information knowing the same to be false concerning an attempt and an alleged attempt being made, to unlawfully threaten to kill, injure and intimidate any individual, and to unlawfully damage and destroy any building and other real and personal property, by means of fire and an explosive, concerning pipe bombs in the Israeli Embassy, through instruments in and affecting interstate and foreign commerce.
(**Threatening and Conveying False Information Concerning Use of an Explosive**, in violation of Title 18, United States Code, Section 844(e))

## FORFEITURE ALLEGATION

1. Upon conviction of the offenses alleged in Counts One and/or Three, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section § 2461(c). The United States will also seek a forfeiture money judgment against the defendant equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses.

2. Upon conviction of the offenses alleged in Counts Two and/or Four, the defendant shall forfeit to the United States: (1) any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section § 2461(c); (2) any property constituting, or derived from, proceeds the defendant obtained directly or indirectly as a result of these offenses, pursuant to Title 18, United States Code, Section 982(a)(2)(B); and (3) any explosive materials involved or used or intended to be used in committing these offenses, pursuant to Title

18, United States Code, Section 844(c) and Title 28, United States Code, Section 2461(c). The United States will also seek a forfeiture money judgment against the defendant equal to the value of; (1) any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses and (2) any property constituting, or derived from, proceeds the defendant obtained directly or indirectly as a result of these offenses.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to Title 21, United States Code, Section 853(p).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 844(c); Title 18, United States Code, Section 981(a)(1)(C); Title 18, United States Code, Section 982(a)(2)(B); Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p))

                                               A TRUE BILL:

                                               FOREPERSON

*Jessie K. Liu/KK*
Attorney of the United States in
And for the District of Columbia